**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: COEPTIS EQUITY FUND LLC, <br><br> Debtor, <br><br> ------------------------------ <br><br> COEPTIS EQUITY FUND LLC, <br><br> Appellant, <br><br> v. <br><br> GINA R. KLUMP, <br><br> Appellee. | No. 23-60003 <br><br> BAP No. 22-1138 <br><br> MEMORANDUM[*] |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Gan, Brand, and Spraker, Presiding

Submitted March 13, 2024[**]
San Francisco, California

Before: S. THOMAS, MCKEOWN, and CHRISTEN, Circuit Judges.

Debtor Coeptis Equity Fund LLC ("Coeptis") appeals the Bankruptcy

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Appellate Panel's decision to affirm the bankruptcy court's order approving compensation to the Subchapter V trustee (the "Compensation Order"). We have jurisdiction under 28 U.S.C. § 158(d)(1). Because the parties are familiar with the facts, we do not recount them here, except as necessary to provide context to our ruling. We affirm.

We review for abuse of discretion an order granting or denying compensation. *In re Mednet*, 251 B.R. 103, 106 (9th Cir. BAP 2000). When awarding compensation, a bankruptcy court must consider the nature, extent, and value of the services rendered and may not award compensation for services which were unnecessarily duplicative, not reasonably likely to benefit the estate, or unnecessary to the administration of the case. 11 U.S.C. § 330(a)(3–4).

In opposing the Compensation Order, Coeptis contends that the Subchapter V trustee should not be compensated for actions taken after Coeptis was removed as debtor-in-possession or for actions the trustee took in order to convert this case to Chapter 7 because, according to Coeptis, removal and conversion were improper. As we held in separately filed memoranda dispositions, the bankruptcy court did not abuse its discretion in removing Coeptis as debtor-in-possession and converting the case to Chapter 7. The bankruptcy court did not abuse its discretion in awarding compensation in these matters.

Coeptis also contends that the trustee should not be compensated for its efforts

2

to sell two properties belonging to the estate because one of the properties (the "Stockton Property") could have been sold for a higher price and the other property (the "Denham Springs Property") was sold unnecessarily. At the time of the trustee's motion to sell the Stockton Property, creditors had filed for relief from the bankruptcy stay in order to proceed with foreclosure on the property. The court's order allowing the trustee to sell the Stockton Property ensured that the sale proceeds would accrue to the benefit of the bankruptcy estate, rather than the individual creditor. Coeptis did not provide any evidence to support its claim that the Stockton Property could have been sold for a higher price. The sale of the Stockton Property was therefore "reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(I).

As to the Denham Springs Property, Coeptis contends only that there was "no good reason" for the trustee to proceed with the sale of the property. The trustee provided a reason, indeed, a good one: counsel for a lender had informed the trustee that it would seek relief from the bankruptcy stay, presumably to commence foreclosure. Coeptis has not supported its argument that the sale was unnecessary. Thus, the court did not abuse its discretion when it issued the Compensation Order.

**AFFIRMED.**

3